**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Yausmenda Freeman, | Case No. 2:21-cv-01135-APG-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION AND ORDER** |
| Experian Information Solutions, Inc., | |
| Defendant. | |

Petitioner, Yasumenda Freeman, is proceeding in this action pro se. Petitioner filed a petition to perpetuate testimony pursuant to Fed. R. Civ. P. 27. Petitioner is attempting to request a court order to perpetuate the testimony of Experian Information Solutions (Experian) pursuant to Fed. R. Civ. P. 27. To that end, Petitioner filed several documents: an Affidavit (ECF No. 1), a Notice of Jurisdiction (ECF No. 2), a Petition to Perpetuate Testimony (ECF No. 3), and a Motion for Leave to File an Amended Verified Petition (ECF No. 5).

## I.    Analysis

First, it does not appear that a Motion to Amend under Fed. R. Civ. P. 15 is proper. Fed. R. Civ. P. 15 applies only to "pleadings," which are defined under Fed. R. Civ. P. 8. An amended petition under Fed. R. Civ. P. 27 is not a "pleading." As a result, the Court will construe that motion (at ECF No. 5) as an amended verified petition which attempts to cure the deficiencies noted by Petitioner in the previous request.

The Court reviewed the amended verified petition and finds it does not meet the requirements under Fed. R. Civ. P. 27. As a result, the Court will recommend the denial of the amended verified petition to perpetuate testimony (ECF No. 5) and order the denial of ECF No. 3 as moot.

The text of Fed. R. Civ. P. 27 requires that a petition take a certain form and contain certain information. Specifically, Rule 27(a)(1) provides:

1
2
3

A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

4
5

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

6

(B) the subject matter of the expected action and the petitioner's interest;

7

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

8
9

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

10
11

(E) the name, address, and expected substance of the testimony of each deponent.

12

Fed. R. Civ. P. 27.

13      While not very clear, it appears Petitioner is trying to bring Fair Credit Reporting Act

14  claims against Experian based on Experian's reporting "of numerous charge-offs to the IRS when

15  [she] never owed any alleged debt collector." Petitioner names Santander as one such creditor that

16  Experian improperly reported. Petitioner states that Experian made misrepresentations about her

17  and her creditworthiness. Petitioner also appears to claim she never gave Experian permission to

18  "appropriate" or "profit off [her] name, likeness, or image" and that Experian's actions constitute

19  identity theft. In turn, this resulted in the defamation of her character and the disparagement of

20  and interference with her business. Assuming the Court is correct in interpreting Petitioner's

21  claims, the Court would have jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction

22  over other state-based claims under 28 U.S.C. § 1367. Additionally, these facts state the subject

23  matter of the expected action and the petitioner's interest.

24      However, Petitioner's stated reasons for not being presently able to bring a suit are not

25  valid. Petitioner explains that she cannot presently bring this action because she is still waiting to

26  see whether the IRS will reimburse her for certain garnishments caused by Santander. Petitioner

27  also explains that she cannot presently bring suit because she has not filed her 2020 tax returns as

28

she is waiting for certain 1099 forms from debt collectors. She continues by explaining that if she were to file her 2020 taxes, she would be audited.

These are not valid reasons for not initiating her claims against Experian. That is, regardless of what is going on with Petitioner's ability or willingness to file her taxes, there is nothing precluding her from initiating this suit against Experian. The Ninth Circuit has found that a petitioner's attempt to invoke Fed. R. Civ. P.  27 to perpetuate testimony was inappropriate when the Petitioner was able to bring his action and would be able to conduct discovery subsequently. *Green v. Robinson*, 53 F.3d 338 (9th Cir. 1995) (unpublished) (*citing Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981)). Here, Petitioner can commence her action and obtain the sought testimony through the regular discovery process.

Also, Petitioner does not explain the need to perpetuate this testimony. Fed. R. Civ. P. 27(a)(1)(C) requires a person who wants to perpetuate testimony to state the reasons that perpetuation is necessary. Petitioner simply states that by the time she obtains all the necessary forms to file her taxes, the testimony she seeks from Experian will be destroyed because the information reported in her credit profile is "deleted forever after a successful dispute." ECF No. 5 at 14. As explained above, whether and when Petitioner files her tax returns does not impede her from commencing this action. In addition, even assuming Petitioner is correct in stating that information is destroyed from her credit profile after a successful dispute, the majority of the questions she seeks to ask are not related to what appears in her credit profile. In that same vein, Petitioner would not be able to obtain information related to Santander in any event, given her claim that around May 2021 "Experian deleted and blocked the Santander account from her profile." *Id*. at 13. The Third Circuit has held that, absent the risk evidence will change or degrade, Rule 27 is not satisfied because there is no need to "perpetuate" anything. *Ash v. Cort,* 512 F.2d 909, 911 (3d Cir. 1975); *see also State of Nev. v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (citing *Ash* with approval). Petitioner does not explain why or how the evidence will change or degrade absent the perpetuation of testimony.

As to the two remaining factors, Petitioner has sufficiently complied with the rule.

1    "The grant or denial of a petition to preserve testimony is within the discretion of the

2    Court." *In re Provident Life*, 2013 WL 3946517, *1, citing *State of Nevada v. O'Leary*, 151

3    F.R.D. 655, 657 (D. Nev. 1993) *aff'd*, 63 F.3d 932 (9th Cir.1995). These procedural and

4    substantive failures to comply with the text of Fed. R. Civ. P. 27 are, by themselves, reasons to

5    deny the relief sought.

6    **II.    Conclusion**

7    Accordingly, **IT IS HEREBY RECOMMENDED** that the amended petition (ECF No.

8    5) be **DENIED**.

9    **IT IS FURTHER ORDERED** that the Petition to Perpetuate Testimony (ECF No. 3) is

10   **DENIED** as moot.

11

12   DATED: July 19, 2021

13   _____

14   BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28