# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yausmenda Freeman,<br><br>                Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>                Defendant. | Case No. 2:21-cv-01135-APG-BNW<br><br>**Order Accepting Report and Recommendation and Dismissing Case**<br><br>(ECF Nos. 5, 6, 8) |

      Plaintiff Yausmenda Freeman filed this action under Federal Rule of Civil Procedure 27. She seeks to depose the Chief Executive Officer of Experian Information Solutions, Inc., to preserve information for an anticipated lawsuit.[1]  Freeman later moved for leave to file a second amended petition, to cure defects in the earlier version of her petition. ECF No. 5.  Magistrate Judge Weksler recommends that I deny the amended petition, and she ordered that the earlier petition be dismissed. ECF No. 6.  Freeman filed an objection and a motion to vacate the report and recommendation. ECF Nos. 7, 8.

      I have conducted a de novo review of the issues set forth in Judge Weksler's Report and Recommendation under Local Rule IB 3-2.  The Report and Recommendation sets forth the proper legal analysis and the factual basis for the decision, and I accept and adopt it as my own. I supplement it as follows.

      Freeman argues Judge Weksler improperly denied her motion for leave under Rule 15. ECF No. 7 at 7-9.  Curiously, she objects to "Magistrate Judge Weksler construing [Freeman's]

---

[1] Freeman also requested an order requiring Experion to delete and permanently block various pieces of information in her file. ECF No. 3 at 12.  That request, which exceeds the scope of Rule 27, was removed from her proposed Second Amended Petition.

Motion for Leave of Court to File an Amended Verified Petition as the actual amended verified petition. The proposed amended verified petition was attached to the Motion as Exhibit 1." *Id.* at 7. But Judge Weksler did review the proposed Second Amended Petition (SAP) as if it was the active petition, that is, as if the motion for leave had been granted. *See* ECF No. 6 at 1 (Judge Weksler "will construe that motion (at ECF No. 5) as an amended verified petition which attempts to cure the deficiencies noted by Petitioner in the previous request."). I, too, construe the proposed SAP as if it were the pending petition. And I agree with Judge Weksler that the proposed SAP fails to satisfy Rule 27.

Freeman argues that her petition should be evaluated under Rule 27(c), rather than Rule 27(a). Whether I consider it under either rule, the result is the same as the SAP is insufficient.

Rule 27 allows a petitioner to take a deposition prior to filing a lawsuit, under certain circumstances. Freeman's proposed SAP is unclear as to who she intends to sue (or will be sued by) in the subsequent lawsuit. *See* ECF No. 5 at 14. Judge Weksler struggled with that as well. ECF No. 6 at 2. The allegations Freeman lays out in the SAP (defamation, failure to protect private information, identity theft, misrepresentation, etc.) are claims against Experian, so it appears that is who she intends to sue later. ECF No. 5 at 9-12. Those claims are not dependent on the results of an IRS audit. *Id.* at 4-5. Thus, there is no reason she cannot sue Experian now and take advantage of the discovery tools that come with a lawsuit.

In her objection to Judge Weksler's recommendation, Freeman suggests that she intends to sue Santandar Consumer USA, Inc. and Westlake rather than Experion. ECF No. 8 at 4. But her SAP does not assert sufficient allegations or a viable claim against those entities. Indeed, they are barely mentioned in the SAP. And Freeman does not offer sufficient reasons why she must wait for the results of the IRS audit before suing them. ECF No. 5 at 14-15.

Finally, Freeman offers no evidence to support her fear that the information she seeks will be lost or destroyed absent an immediate deposition. ECF No. 5 at 15.  In this age of computers, backups, and redundancies, it is doubtful that such data, even if deleted from a computer, would not be retrievable.

I THEREFORE ORDER that the Report and Recommendation (ECF No. 6) is accepted as supplemented above, the motion for leave to file a second amended verified petition (ECF No. 5) is denied as moot, the motion to vacate the recommendation (ECF No. 8) is denied, and this action is dismissed.  The clerk of the court will close this file.

Dated:  March 16, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE